

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner General Land Office
Austin, Texas

Dear Mr. Giles:

> Opinion No. O-468
> Re: Right of State to participate
> in bonus, rentals and royalties
> under oil and gas lease executed
> by purchaser in accordance with
> the provisions of Chapter 271,
> Acts of 1931.

This is in reply to your letter of May 8, 1939, in which you request our opinion as to the right of the State to participate in bonus, rentals and royalties provided for in lease No. 21518, covering S.F. 13371, executed by Mrs. E. L. Walker to Robert Fields, lessee.

In your letter you enclose copy of an original lease dated March 23, 1936, copy of ratification lease dated January 13, 1937, and also certain correspondence taken from your file on this matter. All of said instruments are returned herewith.

The oil and gas lease dated March 23, 1936, provides for a royalty of 23/128 of oil and gas to be paid to the lessor. No express provision is made in such lease for the payment of any portion of said royalty to the State of Texas.

The lease dated January 13, 1937, in the printed portion thereof, provides for the usual 1/8 royalty of oil and gas and further contains the following typewritten provision on page 2:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"All payments which may fall due under this
lease may be made to Otto Staerker, as Agent, one
of the above named lessors, in the manner herein
stated, to the extent of one-half thereof, and
the other one-half thereof, being the remainder,
shall be due and payable to the State of Texas.

"As a further consideration for the execu-
tion and delivery of this lease, in addition to
the royalties as herein above provided, an over-
riding interest equal to 1/16th of 7/8ths, or
7/128ths of all oil and/or gas from said lease,
if, as and when produced, saved and sold, same to
be free of all costs for drilling, equipping and
operating, to be paid to lessors.

— "Of the total consideration provided herein
to be paid to lessors, including the 1/8th royalty
or 16/128ths, together with the 7/128ths over-
riding interest, making an aggregate of 23/128ths,
one-half thereof shall be due and payable to the
State of Texas, and the other one-half shall be
due and payable jointly to the other lessors herein,
which said one-half interest, the said Otto Staerker,
is hereby authorized and empowered to collect and
receive for us in his name, as our Agent and
Attorney-in-fact."

A letter from Otto Staerker, Administrator of the
estate of E. L. Walker, a copy of which letter you sent to
us, states that the reason for the execution of the lease
dated January 13, 1937, was:

"Because of pending litigation giving the
State participation in overriding royalty, or oil
payments, the Attorney for Robert Fields (lessee)
insisted that the lease be rewritten and set out
the State's interest to be 1/2 of the royalty
and overriding."

The correspondence which you sent to us further
indicates that the landowner is claiming all royalty and
overriding royalty provided for under the lease, with the

exception of a 1/16 royalty which he agrees should properly
be paid to the State.

You request the opinion of this Department, under
the above stated fact situation, as to whether or not the
State of Texas "would be entitled to participate in the
additional payments and royalties set up (in the foregoing
leases), notwithstanding the court's decision in the Winter-
mann case to the contrary."

The land having been sold under the provisions
of Chapter 271, Acts of 1931 (Art. 5421c, Vernon's Annota-
ted Statutes),the rights of the State and of the State's
vendee are governed by that Act unless those rights have
been effectively changed by the lease in question. In Sec-
tion 4 of the 1931 Acts, it is provided as follows:

"All land shall be sold without condition
of settlement and with a reservation of one-sixteenth
(1/16) of all minerals, as a free royalty to the
State, which two conditions shall be expressed in
the application to purchase and in the notice of
award, the minimum price to be fixed by the Com-
missioner and in no case to be less than One Dollar
($1.00) an acre. Provided, that one-eighth (1/8)
of all sulphur and other mineral substances from
which sulphur may be derived or produced shall be
reserved as a free royalty to the State."

— The award and patent to the purchaser of the land
in question contain the following mineral reservation pro-
vision:

"One-eighth of the sulphur and one-sixteenth
of all other minerals in the above described land
are reserved to the State, as a free royalty."

In Wintermann v. McDonald, 102 S. W. (2d) 167,
the Supreme Court had before it for decision the question
as to whether the Land Commissioner of Texas should be
required to issue an award and patent to a purchaser
under Chapter 271, Acts of 1931, providing for a reserva-
tion to the State of only 1/16 of all the minerals except

sulphur as a free royalty to the State. The Land Commissioner in such case contended that he was entitled to insert in the award and patent a reservation of all of the minerals to the State, and that the sale of land under Chapter 271 should be governed by the terms and provisions of Articles 5367 and 5368 of the 1925 Revised Civil Statutes, commonly known as the Relinquishment Act. The Supreme Court held that the award and patent should be issued with a reservation of only 1/16 of the oil and gas to the State as a free royalty. The following language was used in the opinions:

"* * *we think that this act, when construed in the light of the policy of this State relating to public lands and minerals as expressed in certain laws, if not directly, impliedly authorizes the landowner to act as the agent of the State in executing mineral leases thereon, and reserving to the State the free royalties described in section 4 thereof."

"* * *We think that the Legislature intended that the purchasers of land subject to sale under this act shall acquire such land and the minerals therein, but that there shall be reserved to the State one-sixteenth of all minerals as a free royalty to the State, except as to sulphur and other mineral substances from which sulphur may be derived or produced, and as to these a one-eighth thereof shall be reserved as a free royalty to the State."

"The royalties reserved by the State under the provisions of this law constitute a fee in the minerals in place, and will follow the land. For a very able and exhaustive discussion of this question we refer to the opinion of Justice Greenwood in the case of Sheffield v. Hogg, 124 Tex. 290, 77 S. W. (2d) 1021, 80 S. W. (2d) 741. The term 'free royalty' introduced into this act must mean that the interest reserved to the State in the minerals produced on school land sold under the terms of the act must not bear any part of the expense of the production, sale, or delivery thereof."

In the Wintermann case, supra, the Supreme Court has definitely settled the question of the mineral interest which the State is entitled to reserve in land sold under Chapter 271, Acts of 1931. That interest is a free royalty of 1/16 of the oil and gas and 1/8 of all sulphur and other mineral substances from which sulphur may be derived and produced. In the Wintermann case it was further directly held that the Land Commissioner could not legally insist upon inserting in an award and patent under the 1931 Act a greater reservation of oil and gas than the 1/16 free royalty reservation specified by the statute.

The question is now presented as to whether or not the State can legally enforce the payment to it of a greater royalty than 1/16 of the oil and gas when an oil and gas lease executed by the State's vendee provides for the payment of a larger royalty than 1/16 to the State. Or, in the event the above quoted provision contained in the oil and gas lease dated January 15, 1937, is considered as an additional bonus payment rather than as a royalty, can the State enforce the payment to it of a full one-half of such additional bonus or overriding royalty?

In Schlittler v. Smith, 101 S. W. (2d) 543, opinion by the Commission of Appeals and adopted by the Supreme Court, the question involved was whether or not the grantor of land who in his grant had reserved to himself an "undivided 1/2 interest in and to the royalty rights and all of the oil and gas and other minerals in, on or under" the land granted was entitled to receive 1/2 of the bonus and rentals received from an oil and gas lease executed by his grantee.

In holding that the grantor, notwithstanding his reservation of 1/2 of the royalty rights, was not entitled to any of the bonus and rentals received by the grantee from a subsequent lease, the court said:

"A reservation of 'royalty' on all oil, gas and minerals which may be produced necessarily implies that the grantor contemplated the leasing of the land for production. He reserved no right of leasing to himself and consequently the grantee possesses such right."

"* * * It is well settled that a grantor may reserve minerals or mineral rights and he

> may also reserve royalties, bonuses, and rentals,
> either one, more or all. Here we have a reserva-
> —tion of only 'royalty rights.' It is obvious, it
> seems to us, that this does not include a reser-
> vation of bonuses or rentals, but only of an
> interest in oil, gas, or minerals paid, received,
> or realized as 'royalty' under any lease existing
> on the land at the time of the reservation, or
> thereafter executed by the grantee, his heirs or
> assigns."

The above cited cases, in our opinion, have an-
nounced and settled the rule that the State of Texas is
entitled to no more than a 1/16 free royalty interest upon
oil and gas in land sold under the provisions of the 1931
Act. The consideration and royalty which the State is
entitled to demand is fixed and limited by the 1931
statute and also by the award and patent in question to
1/16 of the oil and gas as a free royalty. No authority
is found in the statute to justify or make enforceable a
claim by the State for a royalty interest greater than a
1/16 free royalty. Nor is there any consideration paid
by the State which will make enforceable, against an un-
willing landowner, a claim by the State of a right to
participate in royalty, bonus or rentals to a greater
extent than a 1/16 free royalty, or for any portion of
the bonus paid for the lease.

The conclusion we have reached in this opinion
is in accord with a previous opinion of this Department,
dated September 2, 1937, addressed to Wm. H. McDonald,
then Land Commissioner. We quote from that opinion as
follows:

> "* * * it is our opinion that under the
> case of Wintermann v. McDonald, 102 S. W. (2d) 167,
> (motion for rehearing, 104 S. W. (2d) 4, where land
> is sold under Chapter 271 of the Acts of the Regu-
> lar Session of the 42nd Legislature (Vernon's
> Statutes, Article 5421c) the reservation of 1/16
> of the minerals as a free royalty, except 1/8
> of sulphur, the State is not entitled to receive:

any part of the bonus or rentals received by
the lessor. It was our contention in the Winter-
mann case that the State was authorized to reserve
all the minerals and that leases on the land were
made under the Relinquishment Act, so as to en-
title the State to receive 1/2 of the bonus and
rentals as well as the 1/16 royalty. This con-
tention was overruled by the Supreme Court."

You are, therefore, advised that, in our opinion,
the State of Texas has no legally enforceable right to
participate in the bonus, rentals and royalties provided
for by the lease in question, other than to the extent
of a 1/16 free royalty.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert E. Kepke

Robert E. Kepke
Assistant

APPROVED JUL 28, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY WRK
CHAIRMAN